In the Matter of the Application of Robert W. Thompson, Petitioner, for an Order Reviewing a Determination as to Petitioner's Income Tax Liability for the Calendar Years 1936 and 1937, against Mark Graves and Others, as and Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, July 1, 1942.

*Hawkins, Delafield & Longfellow* [*C. O. Donahue* and *Allen R. Henderson* of counsel], for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Wendell P. Brown* and *John H. Spain, Assistant Attorneys-General,* of counsel], for the respondents.

Hill, P. J. Petitioner seeks a review of an unincorporated business tax levied against him for the years 1936 and 1937 in connection with repairing and waterproofing industrial buildings in the States of New York, Connecticut, New Jersey, Pennsylvania and Delaware. He asserts that a portion of the net income used by the Tax Commission as a base upon which to compute the tax did not arise from business done within this State. (Tax Law,

§ 386-a.) The greatest volume of business was done on buildings in New York in each of the years; however, a portion of the work was done in Pennsylvania and New Jersey, and there was one job each in Connecticut and Delaware in 1937.

Petitioner personally canvassed for work in all of the States. He had a resident assistant in Pennsylvania, one in New Jersey and two in New York. All of the tangible property used in the business was located in New York. When contracts were obtained outside New York, workmen were sent from New York. No bank accounts were kept outside of New York, except in certain instances for payrolls on individual jobs. The New Jersey representative superintended some of the work outside New York, and received wages, as distinguished from commissions for obtaining contracts. The Pennsylvania representative had a drawing account of sixty dollars a week and his compensation was not to be less than that amount, but he was to receive twenty-five per cent of the net profits on contracts which he obtained, if they exceeded his drawing account. All work was billed from the New York office. The manner in which the expenses of the New York office were allocated to the work in other States does not appear, if in fact they were allocated.

The Tax Law (§ 386-g) provides the method and factors to be considered for allocation of net income from work within and without the State. The first of these factors is the location of the tangible property. Here it is all within the State of New York. The second is the amount of wages, salaries, etc., paid in connection with the business within the State in comparison with like items for the entire business. The return here is lacking in detail as the allocation of main office expenses and of petitioner's own expenses is undisclosed. The third inquires as to the amount of business obtained through agencies located within the State of New York in comparison with that obtained through agencies without the State. Petitioner and at least one of his assistants work both within and without the State, and the main office participates in obtaining business over the whole field. Thus as to this third requirement there is lack of detail, if in fact the report does not require all business to be charged to New York.

The determination of the Tax Commission should be confirmed.

CRAPSER, HEFFERNAN, SCHENCK and FOSTER, JJ., concur.

Determination confirmed, with fifty dollars costs and disbursements.